UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LORENZO LORTA, | ) | No. CV 18-05757-RSWL (JDE) |
| Petitioner, | ) | |
| v. | ) | ORDER SUMMARILY |
| | ) | DISMISSING PETITION FOR |
| STEWARD SHERMAN, | ) | WRIT OF HABEAS CORPUS |
| Respondent. | ) | |
| | ) | |
| | ) | |

**I.**

**INTRODUCTION**

On June 29, 2018, Petitioner Lorenzo Lorta filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody. Dkt 1 ("Petition" or "Pet."). The sole purported ground for relief in the Petition was based upon California's Proposition 57. Because such a claim is not cognizable on federal habeas review and in Petitioner's case, not within "the core of habeas corpus," on August 9, 2018, the Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed. Dkt. 7.

On August 22, 2018, Petitioner filed a response to the OSC. Dkt. 8 ("Response"). In the Response, Petitioner continued to assert that he was

being denied the "Protections of Proposition 57," but purported to make other assertions, which were not clear. For example, the Response referred to Cal. Penal Code Sections 207, 207B, 654, and 1260, as well as various provisions of the California Constitution, and asserted that the Petition was "an attack upon the conviction and the duration of the unconstitutional conviction to shorten the duration." Response at 1-3. Petitioner further asserted that his underlying convictions were the result of "trick and scheme in violation of 28 U.S.C. § 1001 also a violation of 28 U.S.C. § 1505, obstruction of justice violating Petitioner's due a proper process." Id. at 2 (emphasis omitted).

On August 29, 2018, the Court dismissed the Petition with leave to amend, concluding that the single ground for relief raised in the Petition was not cognizable; the allegations in the Petition were insufficient to comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); the Petition was potentially subject to dismissal for failure to exhaust state remedies; and to the extent Petitioner was attempting to alter and amend his Petition in his Response, such attempt was procedurally improper and substantively insufficient. Dkt. 9 ("Dismissal Order").

On September 17, 2018, Petitioner filed the operative First Amended Petition, Dkt. 10 ("FAP"), together with a document the Court interprets as a supporting memorandum. Dkt. 11 ("FAP Mem.").

As explained below, the FAP suffers from the same defects previously identified in the OSC and the Dismissal Order. As such, the FAP must be dismissed pursuant to Rule 4 of the Habeas Rules.

## II.

## DISCUSSION

Petitioner again seeks relief pursuant to Proposition 57. He asserts a single ground for relief, requesting "Modification of sentence and Re-sentenc[ing] under Proposition 57 [and] Also, Under [Cal.] Penal Code section

1260." FAP at 5. In support of his claim, Petitioner refers the Court to his "Motion to Accept 1-2" and the documents attached to the FAP. Id. The state court motion and habeas petitions attached to the FAP all request modification of Petitioner's sentence under Proposition 57. In his two-page "Motion to Accept Petition 1 of 2 pages Regarding leave to Amend Petitioner's Claims were under Exhaustion Protections," Petitioner maintains that "[r]egarding Proposition 57 and Penal Code Section 1260 / Exhaustion Requir[e]ment met." FAP Mem. at 1 (emphasis omitted).

As previously explained, the application of Proposition 57, which creates a mechanism for parole consideration, see Daniels v. Cal. Dep't of Corr. & Rehab., 2018 WL 489155, at *3 (E.D. Cal. Jan. 19, 2018), is exclusively a matter of state law. As such, Petitioner's claim seeking relief pursuant to Proposition 57 is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (per curiam) ("the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts"); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (reiterating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir. 1984) (as amended); see also Alford v. Doe, 2018 WL 1896533, at *1 (C.D. Cal. Apr. 18, 2018) (concluding that claim based on Proposition 57 was not cognizable on federal habeas review). Likewise, to the extent Petitioner seeks relief pursuant to Cal. Penal Code § 1260, see FAP at 5, this claim also is based solely on California law, and consequently, is not cognizable on federal habeas review.

In addition, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Id. at 489. The Ninth Circuit has adopted a rule that if "a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner's] claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

Here, because Petitioner is serving an indeterminate sentence of eighty-five years to life, see FAP at 2, even if his claim was cognizable on federal habeas review, success on Petitioner's claim "would not necessarily lead to his immediate or earlier release from" custody. Under Nettles, Petitioner's claim is not within "the core of habeas corpus" and may not be brought pursuant to Section 2254.

///

///

///

4

**III.**

**ORDER**

Pursuant to Rule 4 of the Habeas Rules, IT IS ORDERED that judgment be entered summarily dismissing this action without prejudice.

Dated: 10/15/2018

s/ RONALD S.W. LEW
RONALD S. W. LEW
United States District Judge

Presented by:

_____
John D. Early
United States Magistrate Judge